FILED

2016 NOV 14 PM 12:54

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BARBARA LAMASTUS,
PERSONAL REPRESENTATIVE
OF THE ESTATE OF ABBY
LAMASTUS

      Plaintiff,

CASE NO.: 6:16-CV-1980-ORL-22GJK

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign corporation,

      Defendant.

_____/

### DEFENDANT-STATE FARM'S NOTICE OF REMOVAL

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), files this Notice of Removal of the above-styled cause pursuant to 28 *U.S.C.* §1332 and § 1446, from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida, and show unto this Court the following:

1. Plaintiff, BARBARA LAMASTUS, PERSONAL REPRESENTATIVE OF THE ESTATE OF ABBY LAMASTUS ("ESTATE"), originally filed an action for damages in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2016-CA-009124-O on October 17, 2016.

2. The ESTATE alleges that the decedent ABBY LAMASTUS ("LAMASTUS") was involved in two motor vehicle accidents that occurred on October 18, 2011

and on November 16, 2011, both involving uninsured/underinsured motorists, which ultimately resulted in the death of LAMASTUS, on March 4, 2012. As a result, the ESTATE contends that it is entitled to recover against State Farm, an Illinois company that provided Uninsured/Underinsured coverage pursuant to Policy No. 671-023-559A. The ESTATE's action constitutes a direct action against State Farm and is thus subject to removal.

3. Written notice of the filing of this Notice of Removal, has been given to the Estate through its attorney of record, Joshua Andone, Esq., 2876 South Osceola Ave., Orlando, FL, 32806 on this day.

4. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

5. State Farm files with this Notice of Removal true and correct copies of all pleadings served and filed in the above-captioned state action. (See Composite Exhibit "A")

6. This Notice of Removal is filed by State Farm within thirty (30) days of the ESTATE effecting service of process upon State Farm's Florida Resident Agent. The ESTATE's Complaint was filed on or about October 17, 2016 and a copy of the ESTATE's Complaint was served upon State Farm on October 25, 2016.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over civil actions when the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. This action is one in which this Court has original jurisdiction since it involves a controversy exclusively between citizens of

different states and since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

8. At the commencement of this action, and at the time of filing this Notice of Removal, State Farm was and is an Illinois corporation and existing under the laws of the State of Illinois, having its principal place of business in Illinois, and is therefore a citizen of the State of Illinois authorized to conduct business in the State of Florida.[1]

9. The ESTATE was established in the State of Florida and LAMASTUS was a resident and citizen of the State of Florida, at the time of her death.

10. As a result of the ESTATE and LAMASTUS being a citizens of the State of Florida and State Farm being a citizen of the State of Illinois, there is complete diversity of citizenship between all parties.

11. There are no other parties, Defendants, or otherwise in this action.

12. The ESTATE's Complaint filed in state court and first served on State Farm on October 25, 2016, alleges damages in excess of $15,000.00. The ESTATE's complaint further alleges complaint further alleges that Doris Chung and Joel Barreto, the at-fault drivers, were an uninsured and/or underinsured motorists, thus triggering the ESTATE's State Farm UM/UIM policy of insurance.

---

[1] See printout from Florida Department of State, Division of Corporations reflecting that State Farm was organized under the laws of the State of Illinois and is authorized to do business in the State of Florida. See Exhibit "B".

13. In addition, the ESTATE, through her counsel of record, filed a Civil Remedy Notice[2] of insurer violation with the Florida Department of Financial Services claiming that State committed a violation by delaying in tendering the $200,000 in UM/UIM coverage (the available policy limits for each accident). The ESTATE carries $100,000 per person per accident in policy limits with State Farm; therefore it can be ascertained that the case meets the requisite amount in controversy of $75,000.00 and the case is removable under 28 U.S.C. §1446(b) and § 1332(a).

14. As additional support for the removal of the case regarding the amount in controversy,[3] State Farm would show that:

    (A) The ESTATE claims that both accidents caused injuries and ultimately the death of LAMASTUS.

    (B) LAMASTUS was 23 years old at the time of her death.

    (C) Based on the fact that ESTATE is bringing is claiming a wrongful death of a 23 year old female it is conceivable that a jury could render a verdict that exceeds the applicable federal threshold ($75,000).

15. Florida Courts have found that evidence of total past medical bills and a demand[4] by a Plaintiff for a settlement in an amount more than $75,000 constitutes

---

[2] See Civil Remedies Notice Exhibit "C".
[3] State Farm disagrees that the case is "worth" $75,000 and certainly State Farm's request to remove the case to Federal Court is not an admission regarding value. Having said this, the request for removal is premised on the fact that conceptually the case could potentially have a value in excess of $75,000.
[4] In addition to filing a CRN, the ESTATE served State Farm with a Demand Letter on July 8, 2015 where it demanded tender of the $200,000 UM/UIM policies. This letter is attached as Exhibit "D".

sufficient evidence to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements.[5]

16. On August 22, 2014, a Pasco County, FL jury awarded a plaintiff, $1,600,000 (prior to application of comparative negligence) where the plaintiff was killed in an automobile accident[6].

17. On October 14, 2015, an Orange County, FL jury awarded a plaintiff, $1,509,379, where the plaintiff was killed in an automobile accident.[7]

18. These jury verdicts which involve similar claims and/or medical bills suggest (although State Farm disputes it) that the ESTATE's claim could have a net verdict value of $75,000 or more.[8] Certainly, the Court can rely on its knowledge and experience:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

---

[5] *See Fischer v. State Farm Mut. Auto. Ins. Co.*, 2011WL573836 (S.D. Fla. Feb. 15, 2011) and *Bowen v. State Farm Mut. Auto. Ins. Co.* 2011WL1257470 (M.D. Fla. March 29, 2010).
[6] See 1. James Brian Humphrey, as Personal Representative of The Estate of Quintin Alexander Humphrey vs. Dolores Pong, 14 FJVR 10-26 (2014)
[7] *Estate of Lopez v. Basich Inc.; Harrison; and Harrison*, 2015 WL 9617778 (2015).
[8] A point not lost on Plaintiff's counsel having filed a Civil Remedies Notice.

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. **Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount."** *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits. *Roe v Michelin North America, Inc.*, (613 F.3d 1058, 1061-62 (11th Cir. 2010).[9]

19. Based on the foregoing, State Farm submits that removal of this action is authorized under 28 *U.S.C.* § 1332 and § 1441 because of diversity of citizenship and the fact that there is at least $75,000 in controversy. *See e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988):

> We begin by addressing Myers's claim that there is no diversity of citizenship jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(c) (1982). *As the district court properly determined, this lawsuit is not a direct action within the meaning of section 1332(c).* Myers, as an injured third party, brings this suit based on State Farm's failure to settle [the UM claim] within the policy limits and not, as contemplated by section 1332(c), as a result of State Farm's status as "payor of a judgment based on the negligence of one of its insureds." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir.1979); *accord Fortson v.*

---

[9] *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986 (S.D. Fla. January 11, 2012) ("District courts must make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable"...[and] may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal").

*St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985) ("*unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action*"); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir.1982). State Farm is incorporated and has its principal place of business in the state of Illinois. It therefore is deemed a citizen of that state for purposes of determining diversity. Since Myers is a citizen of Pennsylvania, federal subject matter jurisdiction exists over this action. (emphasis added).

WHEREFORE, State Farm respectfully requests this Honorable Court take jurisdiction of this action, and that the removal of this cause to this Court be effectuated.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been sent by E-mail this November 14, 2016, to: **JOSHUA ANDONE, ESQ.**, 2876 South Osceola Ave., Orlando, FL, 32806 (josh@hhjlegal.com; jeanette@hhjlegal.com).

T. KEVIN KNIGHT
Fla Bar No: 318892
**JASON BRESLIN**
Fla Bar No: 58264
deBeaubien, Knight, Simmons,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
(407) 992-3520 Asst Direct: (407) 992-3537
FAX NO: (407) 422-0970
TKK11@DBKSMN.COM;
jab77@dbksmn.com; elamb@dbksmn.com;
Attorneys For State Farm