Filing # 47728913 E-Filed 10/17/2016 11:02:39 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:

BARBARA LAMASTUS, Personal
Representative of the Estate of ABBY
LAMASTUS,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

## COMPLAINT

Plaintiff, BARBARA LAMASTUS, as Personal Representative of the Estate of ABBY LAMASTUS, by and through their undersigned counsel, hereby sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and alleges:

1. This is an action for wrongful death pursuant to Fla. Stat. 768.16 – 768.27 with damages in excess of Fifteen Thousand Dollars and 00/100 ($15,000.00), thus exceeding the jurisdictional limits of this Court.

2. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is a corporation authorized to and doing business in Orange County, Florida.

3. On October 18, 2011, decedent ABBY LAMASTUS was involved in an automobile crash (hereinafter "First Crash") that occurred in Orange County, Florida and that was caused by tortfeasor, Doris Chung.

1

4. On November 16, 2011, decedent, ABBY LAMASTUS was involved in an automobile crash (hereinafter "Second Crash") that occurred in Orange County, Florida and that was caused by tortfeasor, Joel Barreto.

5. The damages suffered by Plaintiff and decedent, ABBY LAMASTUS, were caused by the crashes described above.

6. Decedent, ABBY LAMASTUS, sustained personal injuries and ultimately death from the crashes described above that is difficult or impossible to apportion between two separate crashes and the respective tortfeasors described above and herein.

7. Further, upon information and belief, the Defendant cannot agree to or determine an apportionment of Plaintiff's injuries and damages between the two crashes, thereby allowing Plaintiff to bring claims involving both crashes in one action in Orange County, Florida in order to avoid inconsistent verdicts and as otherwise permitted by law.

8. As a direct and proximate result of each tort specified and alleged herein in their individual capacities and as a result of their concurring and superimposing effect upon the ABBY LAMASTUS' physical well-being, she was injured in and about her body and extremities, ultimately resulting in her death, and suffered the injuries and damages as alleged more particularly herein after.

9. By reason of the fact the negligence of the respective tortfeasors in the two crashes contributed to causing indivisible injury or injuries and resulting damages to ABBY LAMASTUS, which are overlapping and difficult or impossible to apportion, all of the tortfeasors in the successive accidents, and thereby, Defendant, is responsible for the resulting injuries and death jointly and severally liable for ABBY LAMASTUS' and Plaintiff's damages which are not apportionable.

10. At all times material hereto, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, provided uninsured/underinsured motorist coverage to ABBY LAMASTUS.

11. On October 18, 2016, at the time of the First Crash, tortfeasor, Doris Chung, owed to the public and to ABBY LAMASTUS a non-delegable duty to exercise reasonable care in the maintenance and operation of their vehicle.

12. The tortfeasor from the First Crash, Doris Chung, breached that duty to the public and to ABBY LAMASTUS by failing to maintain and operate their vehicle in a safe manner, thereby causing or permitting it to collide with ABBY LAMASTUS' vehicle.

13. As a direct, foreseeable and proximate result of the negligence of First Crash tortfeasor Doris Chung, ABBY LAMASTUS suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The damages described herein ultimately led to ABBY LAMASTUS' death.

14. First Crash tortfeasor Doris Chung either did not have bodily injury coverage available or had insufficient coverage available to fully satisfy ABBY LAMASTUS' and/or Plaintiff's claim for personal injuries and resulting death.

15. On November 11, 2016, at the time of the Second Crash, tortfeasor, Joel Barreto, owed to the public and to ABBY LAMASTUS a non-delegable duty to exercise reasonable care in the maintenance and operation of their vehicle.

16. The tortfeasor from the Second Crash, Joel Barreto, breached that duty to the public and to ABBY LAMASTUS by failing to maintain and operate their vehicle in a safe manner, thereby causing or permitting it to collide with ABBY LAMASTUS' vehicle.

17. As a direct, foreseeable and proximate result of the negligence of Second Crash tortfeasor Joel Barreto, ABBY LAMASTUS suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The damages described herein ultimately led to ABBY LAMASTUS' death.

18. Second Crash tortfeasor Joel Barreto either did not have bodily injury coverage available or had insufficient coverage available to fully satisfy ABBY LAMASTUS' and/or Plaintiff's claim for personal injuries and resulting death.

19. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, issued, in exchange for valuable consideration, a policy of automobile insurance (hereinafter "The Policy") to ABBY LAMASTUS, which provided uninsured motorist benefits, among other coverages. A copy of the policy is in Defendant's possession and control.

20. The Policy was in full force and effect at the time of both the First and Second Crashes.

21. By the policy, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, agreed to provide ABBY LAMASTUS coverage for damages resulting from bodily injuries sustained as a result of an incident or incidents arising out of the operation, maintenance or use of an uninsured/underinsured motor vehicle.

22. The Policy provides Uninsured Motorists Insurance Coverage limit of One Hundred Thousand Dollars per person per crash/incident.

23. Premiums were paid for ABBY LAMASTUS' Uninsured Motorist Insurance Coverage.

24. At the time of the Crash, ABBY LAMASTUS was an "insured" as defined in the Uninsured Motorist Insurance Coverage section of The Policy.

25. The vehicles driven by each tortfeasor in the First and Second Crashes respectively were "uninsured" or "underinsured" vehicles as defined by The Policy.

26. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has failed to pay the uninsured motorist benefits owed to the estate of ABBY LAMASTUS.

27. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was notified of ABBY LAMASTUS' losses and death, and Plaintiff has complied with all terms and conditions precedent to entitlement to uninsured motorist benefits under The Policy.

28. As personal representative of the estate of ABBY LAMASTUS, BARBARA LAMASTUS, brings claim for the wrongful death of ABBY LAMASTUS pursuant to 768.16 – 768.27, Florida Statutes, on behalf of the estate of ABBY LAMASTUS as well as on behalf of the individual survivors thereof.

29. The estate of ABBY LAMASTUS is entitled to recover:

   a. Loss of earnings of ABBY LAMASTUS from the date of the injury to the date of death, less lost support of survivors excluding contributions in kind, with interest;

b. Loss of the prospective net accumulations of the estate of ABBY LAMASTUS, which might reasonably have been expected but for wrongful death, reduced to present money value;

c. Medical and funeral expenses due to ABBY LAMASTUS' injury and death that have become a charge against her estate or that were paid on behalf of ABBY LAMASTUS by her estate or her survivors.

30. As a result of the death of ABBY LAMASTUS, her estate has suffered the damages described above including loss of net accumulations and funeral expenses. The survivors of the estate of ABBY LAMASTUS have suffered the damages described including loss of support and services of ABBY LAMASTUS and mental pain and suffering.

WHEREFORE, Plaintiff, BARBARA LAMASTUS, as personal representative of the estate of ABBY LAMASTUS, requests judgment in favor of the estate and the survivors, costs of this action, prejudgment interest as may be applicable and trial by jury on all issues so triable, as well as any further outcome deemed necessary and just.

DATED this 17th day of October, 2016.

/s/Joshua A. Andone
JOSHUA A. ANDONE, ESQ.
Florida Bar No.: 111335
Hale, Hale & Jacobson, P.A.
2876 South Osceola Avenue
Orlando, Florida 32806
T: 407.425.4640 / F: 407.425.4641
Primary: josh@hhjlegal.com
Secondary: jeanette@hhjlegal.com
Attorneys for Plaintiff