## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESTATE OF ABBY LAMASTUS,**

          **Plaintiff,**

**v.**                                                                    **Case No:   6:16-cv-1980-Orl-22GJK**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY,**

          **Defendant.**

---

## ORDER

This cause comes before the Court on the Motion to Remand (Doc. 8) filed by Plaintiff Barbara Lamastus, the personal representative for the Estate of Abby Lamastus (the "Decedent"[1]). Defendant State Farm Automobile Insurance Company ("State Farm") did not file a response.[2] Because the Court finds that State Farm has not met its burden to show that the amount in controversy meets the jurisdictional minimum, it is **ORDERED** that the case is **REMANDED** to the state court from which it was removed.

### I. Procedural History

Plaintiff filed suit on behalf of Decedent's estate in state court on October 17, 2016 for claims arising out of two motor vehicle accidents in fall of 2011. Doc. 2. On November 14, 2016, State Farm removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, contending that the parties were citizens of different states and the matter in controversy exceeded the sum or value of $75,000. Doc. 1 ¶ 7. In support of its removal, State Farm submitted that: (1) the applicable insurance policy provides up to $100,000.00 of

---

[1]Decedent passed away on March 4, 2012; according to Plaintiff's demand letter, the autopsy reported she died from an overdose of medications were prescribed for pain and discomfort from her crash-related injuries. Doc. 1-5 at 5.

[2]The Motion states that Plaintiff's counsel conferred with Defendant's counsel, who did not agree with the Motion. Doc. 8 at 4. However, no opposition to the Motion was filed.

uninsured/underinsured motorist insurance per accident; (2) Plaintiff wrote a settlement letter demanding the $100,000 of uninsured/underinsured motorist insurance for each accident; and, (3) Plaintiff filed a Civil Remedy Notice of Insurer Violations requesting $100,000 for each accident. Doc. 1.

**II. Analysis**

Based on the lack of sufficient allegations in the Notice of Removal (Doc. 1), it appears that the Court lacks the requisite amount in controversy for diversity jurisdiction to remain in this Court. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger*, 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). The parties in this case are diverse: Plaintiff is and Decedent was at the time of her death a citizen of Florida, and Decedent's Estate was opened in Florida; Defendant is a citizen of Illinois. The only jurisdictional prerequisite at issue here is the amount in controversy.

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a).

The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007). The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id.* (citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id*. (citations omitted).

To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.   If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). *See also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010) (noting that a removing party may present additional evidence, such as business records and affidavits, to satisfy its jurisdictional burden, but is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it"); *Roe v. Michelin North America, Inc.*, 613 F.3d. 1058 (11th Cir. 2010) (discussing factors for trial court to consider in discerning whether the complaint presents a case that "more likely than not" exceeds $75,000).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams*, 269 F.3d at 1319. When the defendant fails to do so, the case must be remanded. *Id.* at 1321.

### III. Discussion

Plaintiff moves to remand the case to state court, arguing that State Farm has failed to meet the heavy burden of proving entitlement to removal because its removal is based on Plaintiff's pre-suit settlement demands which constitute general demands for the maximum amount available under the applicable insurance policies and do not establish the amount in controversy by "the greater weight of the evidence." Doc. 8 at 2. Plaintiff argues that State Farm's mere citation to jury verdicts and its repeated "disputes" in the Notice that the case's value exceeds $75,000 also weigh against removal. *Id.* at 3.

Plaintiff's Complaint filed in state court alleges damages "in excess of $15,000" and that the at-fault drivers in the two accidents were uninsured/underinsured motorists, triggering the State Farm policy of insurance. Doc. 1 at 3. According to the Notice of Removal, Plaintiff filed a Civil Remedy Notice of insurer violation with the Florida Department of Financial Services claiming that State committed a violation by delaying in tendering the $100,000 per person per accident policy limits of uninsured/underinsured motorist coverage for each of the two accidents. *Id.* State Farm alleged that based on these documents, the case meets the requisite amount in controversy of $75,000.00 and the case is removable under 28 U.S.C. §1446(b) and § 1332(a). *Id.* at 4. State Farm also attached the demand letter from Plaintiff to the Notice of Removal. Doc. 1-5 at 6.

State Farm alleged in the Notice of Removal that "Florida Courts have found that evidence of total past medical bills and a demand by a Plaintiff for a settlement in an amount more than $75,000 constitutes sufficient evidence to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements." Doc. 1 ¶ 15. However, State Farm did not provide *any* evidence of total past medical bills. Plaintiff's demand letter (attached to Notice of Removal) states that Decedent had incurred "more than $10,000" in medical expenses for the injuries suffered in the crash but was no more specific. Doc. 1-5 at 6. The demand letter listed the injuries as including head, neck, hip, and leg injuries, degenerative disc disease, and neuralgias (Doc. 1-5 at 3-5), but it says nothing of the severity of the injuries and conditions.

As Judge Dalton explained in *Green v. Travelers Indemnity Company,* settlement offers and Civil Remedy Notices are of limited value:

> [T]his [settlement] offer provides some evidence of the amount in controversy, it by no means establishes that the amount in controversy is in excess of $75,000.00. There is no specific information to support a claim for damages exceeding $75,000.00 and thus it is not a reasonable assessment of the value of [plaintiff's] claim. There is nothing suggesting that [plaintiff's] demand is anything more than mere puffery and posturing; and thus, it is insufficient to show by a preponderance of the evidence that the amount in controversy is satisfied. *See Golden v. Dodge–Markham Co.*, 1 F.Supp.2d 1360, 1364 (M.D. Fla. 1998) (court not persuaded that

pre-suit settlement demand letter was an honest assessment of damages); *Standridge v. Wal–Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (noting that pre-suit demand letter "is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking"); *Beardsworth v. Bd. of Comm.*, 1995 WL 617585, *3 (E.D. La. Oct. 18, 1995) (attaching "very little weight" to letters written as part of preliminary settlement discussions); *Sfirakis v. Allstate Ins. Co.*, 1991 WL 147482, *3 (E.D. Pa. July 24, 1991) (stating that pre-suit letters are "nothing more than posturing by counsel seeking to stake out a position for settlement purposes."). . . .

The Court agrees with the assessment of Civil Remedy Notices in *Jeffers v. State Farm Mutual Automobile Insurance Company*, No. 3:09–cv–1097–J–34JBT, Slip Op. at 9–11 (M.D.Fla. July 16, 2010). Civil Remedy Notices say nothing about the amount in controversy. They are precursors to bad-faith-failure-to-settle claims that may be brought against an insurer in the future. The only possible use of the Civil Remedy Notice in this case is to serve as a description of [plaintiff's] injuries. The Court, however, is still left to guess as to the nature of [plaintiff's] "severe" injuries and the exact scope of her future treatment. (See Doc. No. 1, Ex. 1 at 18) ("Her current physician believes that she will require surgery for her cervical injury."). Conclusory assertions are insufficient to prove the amount in controversy. . . . [M]ere allegations of severe injuries are insufficient to establish the amount in controversy. *See Ransom v. Wal–Mart Stores, Inc.*, 920 F.Supp. 176, 178 (M.D.Ga.1996) ("If the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless."). There is simply no further elaboration about these injuries except that [plaintiff's] physician "believes that she will require surgery for her cervical injury." (Doc. No. 1, Ex. 1 at 18.) [The insurer's] arguments are not specific factual allegations nor do they constitute "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *See Pretka*, 608 F.3d at 754.

No. 3:11-cv-922-J-37TEM, 2011 WL 4947499 (M.D. Fla. Oct. 18, 2011); *see Beal v. State Farm Mutual Automobile Ins. Co.*, No. 3:12-cv-703-J-12JBT, 2012 WL 4049516 (M.D. Fla. Sept. 12, 2012) (amounts sought in demand letter and CRN did not establish that plaintiff's claims met the amount in controversy). Here, the Notice of Removal and attachments filed by State Farm offer very limited information concerning Decedent's injuries from the car accidents, and offer no specific amount regarding her medical expenses.

The two jury verdicts that State Farm cited in support in the Notice of Removal, which awarded plaintiffs $1.5 and $1.6 million verdicts for automobile accidents resulting in death, are

inapposite to Plaintiff's case for purposes of ascertaining the amount in controversy. Decedent did not die in the automobile accident, but many months later from a medication overdose related to taking pain medications. Moreover, State Farm failed to respond to the Motion to Remand to offer any additional evidence in support of the amount in controversy, despite the issues raised by Plaintiff.

The burden on removal to satisfy the jurisdictional amount was on State Farm, who failed to set forth in the Notice of Removal the underlying facts supporting its assertion that Plaintiffs' claims, more likely than not, met the jurisdictional minimum. *See Williams*, 269 F.3d at 1320. Courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. *See Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).   Accordingly, State Farm having failed to meet its burden to establish an amount in controversy in excess of $75,000 at removal, the case will be remanded.

Based on the foregoing, it is ordered as follows:

1. Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**, and this case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida (Case No. 2016-CA-009124-O).

2. The Clerk is **DIRECTED** to mail a certified copy of the order of remand to the state court from which the case was removed, and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 19, 2016.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties